Filed 3/20/13  In re Alyssa J. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| In re ALYSSA J. et al., a Person Coming Under the Juvenile Court Law. | B241666<br><br>(Los Angeles County<br>Super. Ct. No. CK90304) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MOLLIE W.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Donna Levin, Juvenile Court Referee.  Affirmed.

        Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

        John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Senior Associate County Counsel, for Plaintiff and Respondent.

_____

Mollie W.'s four daughters, ranging in age from four to 15 years old, were declared dependent children of the juvenile court in February 2012 based on sustained allegations that Mollie and the father of the three youngest children had a history of engaging in violent altercations and that Mollie had a history of alcohol abuse and was a current abuser of alcohol. They were released to Mollie with an order for family maintenance services. On May 23, 2012, after Mollie missed another alcohol test, the court sustained a petition filed by the Los Angeles County Department of Children and Family Services (Department) under Welfare and Institutions Code section 387,[1] changed its previous disposition order, removed the children from Mollie's custody and ordered them suitably placed. Mollie appeals, contending there was insufficient evidence the children's previous placement (that is, remaining in Mollie's care and custody) was no longer effective in protecting them. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Department received a referral in September 26, 2011 alleging Mollie's four children were victims of emotional abuse by L.W., the father of the three youngest girls,[2] who had been arrested for spousal abuse two days earlier. The reported stated the abuse was ongoing: The couple had an extensive history of domestic violence, beginning in 2005. Mollie had obtained several restraining orders against L.W. The most recent episode of violence occurred when Mollie served a new temporary restraining order on L.W. Mollie told the Department's social worker she was now serious about enforcing the restraining orders and intended to testify against L.W.

On October 7, 2011 the Department detained the children from L.W., but allowed them to remain in Mollie's care. Mollie was informed the children would be removed from her custody if she permitted L.W. to violate the current restraining order. The initial dependency petition alleged the children were at risk of serious physical harm because of

---

[1]     Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     The biological father of the oldest child, Alyssa J., is deceased.

2

Mollie's and L.W.'s history of engaging in violent altercations and Mollie's failure to take action to protect the children. (§ 300, subds. (a), (b).) In addition to recounting the couple's prior history of domestic violence, the detention report summarized L.W.'s extensive criminal history and Mollie's ongoing alcohol abuse, including several arrests for driving under the influence of alcohol and driving with a suspended license.

On October 13, 2011 the juvenile court found a prima facie case that the children were described by section 300 and ordered them detained from L.W. and released to Mollie. The court ordered family maintenance services for Mollie. L.W. was permitted monitored visitation only, and the court issued a temporary restraining order against him. At a subsequent hearing the court ordered the children to remain with Mollie on condition she submit to weekly alcohol testing and authorized unannounced home visits. The court also ordered Mollie and the children be provided with family preservation services.

The Department filed an amended section 300 petition on November 9, 2011, adding allegations relating to Mollie's history of alcohol abuse. Although the Department had received information that Mollie drank heavily and on a daily basis, in an interview she insisted she only drank wine socially ("maybe one or two" glasses) when she went out with friends.[3] However, she acknowledged being stopped for driving under the influence of alcohol in October 2011[4] and having been arrested for the same offense some years earlier.[5] Mollie failed to show up for an on-demand alcohol test on

---

[3] L.W. described Mollie as "a chronic alcoholic" who drank "all day long." He claimed she often left the children at home without supervision while she went out to drink.

[4] Mollie was convicted of driving under the influence of alcohol on February 4, 2012, sentenced to 36 months' probation and ordered to complete a driving-under-the-influence program and attend meetings of Alcoholics Anonymous.

[5] According to a report submitted by the Department prior to the disposition hearing, Mollie was convicted for driving under the influence of alcohol/drugs and driving without a license in January 2001. She was placed on 36 months' probation and ordered to complete a three-month alcohol and drug counseling program. She violated the terms of her probation on three subsequent occasions.

3

November 1, 2011 and initially lied to the social worker about completing a test on November 3, 2011. Between November 1, 2011 and January 27, 2012 Mollie failed to show up for four alcohol tests, tested negatively on three occasions and had diluted results on six occasions, indicating she had been trying to clean her system. She tested positive for alcohol on February 1, 2012.

On February 2, 2012 the court sustained the section 300, subdivision (b), allegations in the first amended petition (failure to protect), as further amended at the hearing, and dismissed the subdivision (a) allegations (serious physical harm). At the disposition hearing on February 7, 2012, the court discussed Mollie's recent positive test for alcohol and cautioned it was "running out of patience at this point. So, I will go forward on the disposition, but the mother has to take this really seriously and get into a program and stay in a program. Really, really comply with that program." The children were declared dependents of the court and released to Mollie's custody. Mollie was ordered to complete an alcohol program with random on-demand weekly alcohol testing and participate in individual counseling. The court again authorized unannounced home visits. Mollie and L.W. were ordered to participate in conjoint counseling if they planned to get back together.

Following the disposition hearing the youngest girls' paternal grandmother, Sandra W., reported to the Department that Mollie had "called me every day drunk" during a period when two of her granddaughters had been staying with her. At about the same time the Department was notified that Mollie had failed to show up for an alcohol test. The Department detained the children from Mollie, placed them with their respective paternal grandmothers and, on April 13, 2012, filed a section 387 supplemental petition alleging the previous disposition had not been effective in the protection of the children based on Mollie's failure to participate in weekly random alcohol testing.

At the detention hearing the court found a prima facie case to detain the children, explaining its previous order had stated there were to be no missed tests. In interviews

4

with the Department for its jurisdiction/disposition report, both paternal grandmothers said the children had described their mother as frequently drunk; and a paternal cousin indicated Mollie had been drinking for years and the problem was only getting worse. The cousin also said Mollie had arranged for the children to stay with Sandra W., not so she could recuperate from the flu, but to go to San Diego to party. For her part, Mollie insisted the missed test was the result of an honest mistake.

On May 7, 2012 Mollie was unable to complete her alcohol test because she could not provide any urine. Sandra W. reported that the following week Mollie had arrived at her home intoxicated to visit with the children.

The court conducted the section 387 jurisdiction hearing on May 23, 2012. The court noted Mollie's missed test was considered a positive test. A social worker testified he had smelled alcohol on Mollie during the court session on February 2, 2012. Mollie again insisted she only drank socially, "when I go out with my girlfriends." When asked if Alcoholics Anonymous permitted such social drinking, Mollie responded, "No, but they do say that it's not anything that's going to happen overnight. It is a process."

The children's attorney acknowledged the girls, although happy with the family members they were living with, would prefer to be with their mother. But she urged the court to require Mollie to complete an effective alcohol program and added, "[A]t this time I do not believe that it would be safe for the children, given the evidence, to be with the mom until she enters and starts participating in a program." Counsel commended the Department for trying to work with Mollie, but said she saw "a lot of minimization here." The court agreed, "I think you have been minimizing [your alcoholism]. I think that to go to AA and still say, 'I'm a social drinker,' I think you have a problem. You have to face up to that problem. . . . You need to go to a real alcohol rehabilitation program."

The court sustained the section 387 petition, found the previous disposition had not been effective in the protection of the children, terminated the prior order releasing them to Mollie, removed them from Mollie's care and custody and ordered the children suitably placed by the Department. The court also ordered family reunification services,

5

directing Mollie to complete a parenting program, a domestic violence program for victims, a full alcohol program with weekly random and on-demand testing and an aftercare program.[6]

**DISCUSSION**

1. *Section 387*

A supplemental petition under section 387 is required when the Department seeks to change or modify an earlier disposition by removing a child from the physical custody of a parent.  (*In re A.O.* (2010) 185 Cal.App.4th 103, 109; see *In re Jonique W.* (1994) 26 Cal.App.4th 685, 690.)[7]  "The 'jurisdictional fact' necessary to modify a previous placement is that the previous disposition has not been effective in the . . . protection of the [child]." (*In re Joel H.* (1993) 19 Cal.App.4th 1185, 1200.)  "The law does not require that a fact necessary to establish jurisdiction under section 300 be established to warrant a change in placement. . . .  [Fn. omitted.]  [¶]  . . . [R]egardless of whether there [is] insufficient evidence of physical or emotional abuse, the critical appellate issue is whether there [is] substantial evidence to support the court's finding that the previous disposition was not effective in protecting [the child]." (*Ibid.*)

---

[6]   The Department has requested, pursuant to our statutory authority to take additional evidence on appeal (Code Civ. Proc., § 909; see Cal. Rules of Court, rule 8.252(c)), that we include in the record a juvenile court minute order dated August 7, 2012 that indicates Mollie was incarcerated at the time of that progress hearing.  Given the absence of any information concerning that purported incarceration and the fact that Mollie appeared at the six-month review hearing on November 16, 2012, we deny the motion.  (See generally *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["[i]t has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"].)

[7]   Section 387 provides, "(a) An order changing or modifying a previous order by removing a child from the physical custody of a parent . . . and directing placement in a foster home . . . shall be made only after noticed hearing upon a supplemental petition. [¶]  (b)  The supplemental petition shall . . . contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the child . . . ."

6

Under California Rules of Court, rule 5.565(e)(1), a hearing on a supplemental petition is potentially a two-phase proceeding. "In the first phase of a section 387 proceeding, the court must follow the procedures relating to a jurisdictional hearing on a section 300 petition . . . . At the conclusion of this so-called 'jurisdictional phase' of the section 387 hearing [citation], the juvenile court is required to make findings whether: (1) the factual allegations of the supplemental petition are or are not true; and (2) the allegation that the previous disposition has not been effective in protecting the child is, or is not, true. (Rule [5.565(e)(1)].) If both allegations are found to be true, a separate 'dispositional' hearing must be conducted under the procedures applicable to the original disposition hearing . . . ." (*In re Jonique W*., *supra*, 26 Cal.App.4th at p. 691.)

We review an order sustaining a section 387 petition for substantial evidence. (*In re A.O., supra,* 185 Cal.App.4th at p. 109; *In re A.O.* (2004) 120 Cal.App.4th 1054, 1061.)[8] As the party challenging the juvenile court's findings and order, Mollie "has the burden of showing that there is no evidence of a sufficiently substantial nature to support the finding or order." (*In re Maria R.* (2010) 185 Cal.App.4th 48, 57.)

2. *Substantial Evidence Supports the Order Sustaining the Section 387 Petition*

Mollie concedes, as alleged in the section 387 supplemental petition, on March 26, 2012 she failed to participate in a juvenile-court-ordered weekly random alcohol test. Her sole contention on appeal is that one missed alcohol test is an insufficient basis to remove her children from her home. Indeed, she notes she had actually tested positive

---

[8] When the sufficiency of the evidence to support a juvenile court's finding or order is challenged on appeal, the reviewing court must determine if there is substantial evidence, contradicted or uncontradicted, that supports it. (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393; *Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 96.) Under this standard of review we examine the whole record in a light most favorable to the findings and conclusions of the juvenile court and defer to that court on all issues of credibility. (*In re Tania S.* (1992) 5 Cal.App.4th 728, 733-734.) We must resolve all conflicts in support of the determination and indulge all legitimate inferences to uphold the court's order. Additionally, we may not substitute our deductions for those of the trier of fact. (*In re John V.* (1992) 5 Cal.App.4th 1201, 1212; *In re Eric B.* (1987) 189 Cal.App.3d 996, 1004-1005.)

for alcohol on February 1, 2012, less than a week before the original disposition hearing. Yet, because she was otherwise a good mother, she asserts, the Department recommended and the court ordered that the children remain in her care and custody at that time.

Mollie's argument before this court, like so much of her presentation in the juvenile court, fails to acknowledge either her serious alcohol problem or her repeated failure to take appropriate steps to address it. When it sustained the first amended petition, the juvenile court found Mollie's unabated alcohol abuse presented a substantial risk of harm to the children—a finding Mollie has never challenged. The court allowed the children to remain in her care conditioned on her full participation in an alcohol program with random on-demand weekly alcohol testing. Mollie breached those conditions: Substantial evidence before the court at the hearing on the section 387 petition showed, in addition to the failure to test as alleged in the petition, Mollie continued to drink to excess and to minimize the significance of her alcoholism. The court's conclusion the previous order placing the children in her custody was no longer effective for their protection is amply supported by the record.

## DISPOSITION

The order of the juvenile court is affirmed.


PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.

8